UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTLY MITCHELL and OSCAR
MITCHELL, jointly and severally,

        Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS),
COUNTRYWIDE HOME LOANS, BOA
HOME LOANS SERVICING, L.P., DOES 1-
10 inclusive,

        Defendants.
_____/

File No. 1:11-cv-425

HON. ROBERT HOLMES BELL

# O P I N I O N

This matter is before the court on Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## I.

On September 5, 2006, Plaintiff Trutly Mitchell entered into a mortgage and promissory note in the amount of $82,720.00 respecting the property at issue in this matter, commonly known as 817 Muriel Street SW, Wyoming, Michigan 49509. Plaintiff Trutly Mitchell was the sole signatory to the mortgage and note. The lender was Defendant Countrywide Home Loans, Inc ("Countrywide"). (Dkt. No. 1 at ¶¶ 14, 18.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was listed on Plaintiff Trutly

Mitchell's mortgage as the "mortgagee," but "solely as nominee for Lender [Countrywide]," and "Lender's successors and assigns." (Dkt. No. 13, Ex. 1 at 1.)

On July 19, 2010, MERS, "as nominee for Lender and Lender[']s successors and/or assigns," recorded an assignment of Plaintiff Trutly Mitchell's Mortgage to defendant BAC Home Loans Servicing, L.P. ("BAC"). (Dkt. No. 1, Ex. 1.) Less than a month later, on August 10, 2010, Plaintiff Trutly Mitchell, a single woman, conveyed and quitclaimed to herself and co-Plaintiff Oscar Mitchell, a single man, the Property as joint tenants with rights of survivorship. (Dkt. No. 13, Ex. 4.)

On March 2, 2011, the law firm Trott & Trott, P.C. issued a Notice of Mortgage Foreclosure Sale stating that Plaintiff Trutly Mitchell had defaulted on her Mortgage, that MERS had previously assigned the Mortgage to BAC, and that a foreclosure sale would be had on March 30, 2011, pursuant to the power of sale contained in the mortgage. (Dkt. No. 13, Ex. 5; Dkt. No. 1 at ¶ 20.)

Plaintiffs filed this lawsuit one day before the scheduled foreclosure, March 29, 2011, in the Circuit Court of Kent County, Michigan, which Defendants timely removed to this Court. Plaintiffs' complaint includes four counts: (1) "Lack of Standing to Foreclose" (Count IV); (2) "Unlawful Assignment of Mortgage and Note" (Count V); (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA") (Count VI); and (4) alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") (Count VII).

## II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## III.

**A. Plaintiff Oscar Mitchell**

Defendants assert that Plaintiff Oscar Mitchell, who is not a signatory to the mortgage and note at issue, does not have standing to assert any of the alleged claims. (Dkt. No. 13 at 6-7.) A non-borrower may not challenge a foreclosure or assignment, and Defendants have cited several cases holding that non-borrowers have no standing to bring claims under FDCPA or RESPA. *See, e.g., Santiago v. Bismark Mort. Co., LLC*, No. 10-00467 SOM/KSC, 2011 WL 839762 (D. Hawai'i Mar. 4, 2011); *Johnson v. Ocwen Loan Servicing*,

No. 09-13906, 374 Fed. App'x 97, 2010 WL 4275305, at *5 (11th Cir. Mar. 15, 2010.) Plaintiffs make no response to this argument in their brief. Accordingly, Plaintiff Oscar Mitchell will be dismissed for lack of standing.

**B. Lack of Standing to Foreclose**

Plaintiff Trutly Mitchell alleges that MERS is the foreclosing party identified in the March 2, 2011, notice of foreclosure sale, and that MERS has no standing under Michigan law to foreclose on the property because MERS is not a lender with an enforceable right in the debt securing the property. (Dkt. No. 1 at ¶ 22.) Plaintiff relies on the Michigan Court of Appeals case *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321 (Mich. App. 2011), which held that MERS cannot foreclose under Mich. Comp. Laws § 600.3204(1)(d) when MERS does not own the debt, does not act as nominee, and is not a servicer.

However, since the initial briefing of this matter, the Michigan Supreme Court has reversed the decision in *Saurman*, holding that MERS is an "owner of an interest in the indebtedness" and is entitled to foreclose by advertisement under § 600.3204(1)(d). *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011). As the Michigan Supreme Court has unequivocally resolved this issue in favor of Defendants, Plaintiff's claim alleging lack of standing to foreclose (Count IV) will be dismissed.

**C. Unlawful Assignment**

Plaintiff's complaint challenges MERS' ability to validly assign the mortgage and note to BAC. (Dkt. No. 1 ¶¶ 18, 20, 28-29.; Dkt. No 17 at 13 ("The Notice of Mortgage

4

Foreclosure Sale . . . did not include the name of the 'grantor' of the interest in the mortgage to MERS who therafter [sic] assigned the mortgage to BAC.").) In their response brief, Plaintiff also challenges the assignment based on the newly alleged contention that the mortgage was "securitized." (Dkt. No. 17 at 13-14.)

Defendants argue that Plaintiff, who is not party to the assignment, lacks standing to challenge the validity of the assignment. (Dkt. No. 13 at 7-8); *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings*, LLC, 399 F. App'x 97, 102 (6th Cir. 2010) ("[T]here is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge that assignment.") Defendants also point out that challenging the assignment can have no impact on a borrower's obligation to pay a debt. While this is true, an obligor is nevertheless entitled to challenge an asignee's lack of title. *Id*.

However, the challenge to the assignment is without merit. Plaintiff's theory regarding "securitization" has been rejected as a basis for invalidating a MERS assignment. *See, e.g., Le Boutellier v. Countrywide KB Homes*, No. 2:11–cv–01452–GMN–GWF, 2011 WL 4852518, at *1, *3 (D. Nev. Oct. 13, 2011); *Fitzgerald v. Am. Savings Bank, FSB*, CV. 11–00199 DAE–RLP, 2011 WL 4899939, at *2, *6-7 (D. Hawai'i Oct. 13, 2011) (rejecting plaintiff's assertion that the foreclosing party had "failed to provide a valid assignment from MERS of the mortgage that they split away from the note in a securitization scheme."). Additionally, this Court has previously noted the extensive case law rejecting the argument

5

that a MERS mortgage assignment may be invalid because the promissory note was not simultaneously assigned. *Golliday v. Chase Home Fin., LLC*, No. 1:10-cv-532, 2011 WL 4352554 at *7 (W.D. Mich. Aug. 23, 2011).

Michigan courts have recognized MERS's ability to assign any mortgage, such as the Mortgage in this case, in which MERS is granted the power to assign under the terms of the mortgage. *See, e.g., Bakri v. MERS*, No. 297962, 2011 WL 3476818, at *4 (Mich. Ct. App. Aug. 9, 2011) (rejecting assertion that the MERS assignment was "null and void" and holding that "the trial court properly concluded that defendant MERS had the right to assign the mortgage" under its terms). Accordingly, Defendants are entitled to dismissal of Plaintiff's claim of unlawful assignment (Count V).

### D. Fair Debt Collection Practices Act

Plaintiff alleges that Defendants Countrywide, MERS, and BAC each violated the FDCPA by failing to respond to a written notice of dispute requesting validation of the debt at issue. (Dkt. No.1 ¶¶ 30-35.) A prima facie FDCPA claim must allege facts showing:

> [(1)] The plaintiff is a natural person who is harmed by violations of the FDCPA, or is a 'consumer' within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692(d) for purposes of a cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11); [(2)] The 'debt' arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5); [(3)] The defendant collecting the debt is a 'debt collector' within the meaning of 15 U.S.C.A. § 1692a(6); and [(4)] The defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A. § 1692a–1692o; 15 U.S.C.A § 1692a; 15 U.S.C.A. § 1692k.

*Langley v. Chase Home Finance LLC*, No. 1:10–cv–604, 2011 WL 1150772, at *5 (W.D.

Mich. Mar. 11, 2011), citing *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F. Supp. 2d 914, 938–39 (N.D. Ohio 2009) ("The absence of any one of the four essential elements is fatal to a FDCPA lawsuit.")

Defendants argue that they are not "debt collectors" within the meaning of the FDCPA. Under the FDCPA, the term "debt collector"

> does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

18 U.S.C. § 1692a(6)(F). "As a result, the FDCPA does not extend to cover the 'consumer's creditors, a mortgage servicing company, or any asignee [sic] of the debt, so long as the debt was not in default at the time it was assigned.'" *Anokhin v. BAC Homes Loans Servicing, LLP*, No. 2:10-cv-00395-MCE-EFB, 2010 WL 5393972, at *4 (E.D. Cal. Dec. 22, 2010) (citations omitted).

Here, it is clear that Countrywide was Plaintiff Trutly Mitchell's original lender and MERS was the original mortgagee as nominee for lender Countrywide. As such, Defendants Countrywide and MERS fall squarely within the scope of § 1692(a)(6)(F), and are not "debt collectors" within the meaning of the FDCPA.

However, Defendant BAC, as servicer of the mortgage, may qualify as a debt collector if BAC obtained or began servicing the debt *after* it was in default. 15 U.S.C.

7

§ 1692a(6)(F)(iii); *Foster v. Argent Mortg. Co., L.L.S.*, No. 07-cv-11250, 2010 WL 1136804, at *1 (E.D. Mich. 2010). Defendants correctly point out that Plaintiff has not alleged either that BAC began servicing the mortgage or obtained the debt after it was in default. (Dkt. No. 13 at 14.) However, Plaintiff has asked leave to amend its complaint to correct any deficiencies. While no amendment would save Counts IV or V of the complaint, Defendants have not shown that amending Count VI with respect to Defendant BAC would be futile. Accordingly, Plaintiff's Count VI will be dismissed as to Defendants Countrywide and MERS, and Plaintiff will be allowed 14 days to amend the FDCPA claim with respect to BAC.

Should Plaintiff choose to amend and pursue an FDCPA claim against BAC, Plaintiff should specify what debt collection notice they attribute to BAC, whether and when they disputed the notice, and should include a copy of their alleged validation request.

**E. Real Estate Settlement Procedures Act**

Plaintiff also claims that Defendants Countrywide and BAC violated three provisions of RESPA by: (1) refusing to cease collection efforts and non-judicial foreclosure proceedings after receiving a qualified written request ("QWR") in violation of 12 U.S.C. § 2605(e)(2); (2) failing to provide requested information and documentation within 60 days of receiving a QWR in violation of § 2605(e)(2)(C); and (3) providing consumer reporting agencies with information regarding overdue payments allegedly owed by Plaintiff that were related to the QWR in violation of § 2605(e)(3). (Dkt. No. 1 at ¶¶ 37-40.)

Defendants argue that Plaintiff has failed to plead the existence of actual damages, which Defendants argue is a required element of a RESPA claim. (Dkt. No. 13 at 16); *March v. Countrywide Home Loans Servicing*, No. 10-12650, 2011 WL 1792592, at *3 (E.D. Mich. May 11, 2011) ("Plaintiffs failed to plead the existence of actual damages, a required element under 12 U.S.C. § 2605).

Upon review of the pleadings, that Court finds that Plaintiff's pleadings with respect to damages are sufficient to survive a motion to dismiss. While Plaintiff does not allege a specific amount of damages, Plaintiff has alleged the "existence" of damages stemming from information which Defendants allegedly failed to provide in violation of RESPA. (Dkt. No. 17 at 17.) Plaintiff has also alleged that Defendants damaged Plaintiff's credit by reporting information regarding overdue payments. *Id.*; (Dkt. No. 1 at ¶ 40.) Although summary judgment may be warranted if Plaintiff cannot show specific damages after discovery, Plaintiff's RESPA claims will not be dismissed for failure to allege more specific damages at this early stage.

Defendants also argue that Plaintiff has failed to satisfy federal pleading requirements with respect to the alleged QWR. (Dkt. No. 13 at 18.) While the Court finds that Plaintiff's allegation that she "sent Defendants a 'qualified written request' as that term is defined under [RESPA] regarding the fees charged, the accuracy of payments and escrow amounts charged to the account, and the identity of the current holder and owner of the original Note and Mortgage" is sufficient to survive dismissal at this stage, Plaintiff is encouraged to attach the

9

actual QWRs to an amended complaint. Ultimately, Plaintiff will carry the burden of establishing that valid QWRs reached each defendant.

**IV.**

The Court finds that Plaintiff Oscar Mitchell does not have standing to bring suit against Defendants. The Court also finds that Defendants are entitled to dismissal of Plaintiff Trutly Mitchell's claims of lack of standing to foreclose (Count IV) and unlawful assignment (Count V), and that amendment with respect to these claims would be futile. Plaintiff's FDCPA claim will also be dismissed with respect to Defendants Countrywide and MERS. Plaintiff will have fourteen days to amend her FDCPA claim with respect to Defendant BAC. Defendants' motion to dismiss Plaintiff's RESPA claim will be denied. An order consistent with this opinion will be entered.


Date:   March 30, 2012                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE