UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTLY MITCHELL,

      Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

      Defendants.

                                        /

File No. 1:11-CV-425

HON. ROBERT HOLMES BELL

# **O P I N I O N**

In March 2011, Plaintiff Trutly Mitchell and Oscar Mitchell brought a complaint in state court against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans, and BAC Home Loans Servicing, L.P. (collectively, the "Defendants").[1] On April 27, 2011, Defendants removed the matter to federal court. (Dkt. No. 1.) On March 30, 2012, the Court issued an opinion and order dismissing Oscar Mitchell for lack of standing, dismissing Counts IV and V of the complaint, and dismissing Plaintiff's claims under Count VI as they pertained to MERS and Countrywide. (Dkt. Nos. 20, 21.) The Court also gave Plaintiff 14 days to amend Count VI of her complaint in order to save the claim as it pertains to BAC. (*Id.*) Plaintiff failed to do so, and the Court now dismisses Count VI as it pertains to BAC for failing to allege that BAC began servicing the mortgage

---

[1] Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, L.P. (incorrectly sued as BOA Home Loans Servicing, L.P.), and BAC Home Loans Servicing, LP was formerly known as Countrywide Home Loans Servicing, LP. (*See* Dkt. Nos. 11, 12.)

or obtained the debt *after* the debt was in default, an allegation necessary for BAC to constitute a "debt collector" within the meaning of the Fair Debt Collections Act. *See* 18 U.S.C. § 1692a(6)(F)(iii).

Plaintiff's counsel withdrew on June 11, 2012. (Dkt. No. 30.) The Court denied Plaintiff's motion for reconsideration of its March 30, 2011, opinion and order and Plaintiff's motion to appoint new counsel, on July 31, 2012. (Dkt. No. 34.) On September 21, 2012, Defendants moved for summary judgment. (Dkt. No. 21.) Plaintiff moved for an extension of time to obtain new counsel and to respond to the motion for summary judgment. (Dkt. No. 46.) This Court granted this motion, giving Plaintiff until November 30, 2012, to obtain new counsel and/or file a response. (Dkt. No. 47.) Plaintiff has failed to file a response, and the time for doing so has expired. Thus, the Court will consider the motion for summary judgment on the merits without the benefit of a response.

**I.**

On September 5, 2006, Plaintiff entered into a mortgage and promissory note in the amount of $82,720, with regard to 817 Muriel Street SW, Wyoming, Michigan 49509. (Dkt. No. 41, Exs. 1, 2.) Countrywide served as the lender, while MERS was the mortgagee "solely as nominee for Lender and Lender's successors and assigns." (Dkt. No. 41, Ex. 1.) On July 19, 2010, MERS recorded an assignment of Plaintiff's mortgage to BAC. (Dkt. No. 41, Ex. 3.) On August 10, 2010, Plaintiff conveyed the property by quitclaim deed to herself and her son, Oscar, as joint tenants. (Dkt. No. 41, Ex. 4.) Plaintiff was issued a Notice of

Mortgage Foreclosure Sale, on March 2, 2011, due to default on the mortgage. (Dkt. No. 41, Ex. 5.) The notice indicated that a foreclosure sale would be held on March 30, 2011. (*Id.*) Plaintiff filed suit one day before this sale in the Circuit Court of Kent County.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If a defendant carries its burden of showing there is an absence of evidence to support a claim, a plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving

party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Plaintiff's sole remaining claim is violation of 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA") ("Count VII").[2] In particular, Plaintiff alleges that Defendants failed to respond to a qualified written request ("QWR") in the manner required by § 2605(e)(2)(C) and that Defendants failed to discontinue credit reporting during the pendency of the alleged QWR as required by § 2605(e)(3).

Section 2605(e) is only implicated when a servicer of a federally related mortgage receives a QWR from a borrower. To qualify as a QWR, a writing must "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." § 2605(e)(1)(B). There is no writing on the record that purports to be a QWR or which could satisfy this statutory definition. Moreover, Defendants have alleged that Plaintiff has failed to respond to numerous requests seeking discovery of the alleged QWR and/or information and documents supporting Plaintiff's claim that a QWR was in fact received by Defendants. (Dkt. No. 41, at 6-7.) Given the absence of a QWR on

---

[2]The complaint lists eight counts in total. However, Counts IV, V, and VI have been dismissed, and Counts I, II, III, and VIII do not state claims for relief. "Count I" identifies the parties, "Count II" alleges the venue and jurisdiction, "Count III" alleges the background facts, and "Count VIII" requests attorney's fees and costs. (Dkt. No. 1, Attach. 1.)

4

the record and Defendants' assertions that no such QWR was unearthed during discovery, the Court concludes that Defendants met their burden of showing there is an absence of evidence to support Plaintiff's RESPA claims.

Consequently, the burden shifted to Plaintiff, under *Celotex*, to demonstrate by affidavits, depositions, answers to interrogatories, and/or admissions on file, that an issue of material fact exists as to whether a QWR was received by Defendants. Because Plaintiff has failed to file any response whatsoever, the Court concludes that Defendants did not receive a QWR and there is no genuine issue of material fact requiring trial. Consequently, Defendants are entitled to summary judgment as a matter of law.

An order consistent with this opinion will be entered.


Dated: January 3, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE